THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUSVIN MIRANDA, | § | |
| JOSE ARMANDO RIVERA, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-00328 |
| | § | |
| ROBERT GLENN FALKE, | § | |
| INDIVIDUALLY AND dba | § | |
| AMERICAN BLASTING TECHNOLOGY, | § | |
| BELINDA FALKE, INDIVIDUALLY, | § | |
| and JEFF FALKE, INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | COLLECTIVE ACTION |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY OF SUIT

1. Defendant Robert Glenn Falke dba American Blasting Technology (the "Company") is an industrial consulting sole-proprietorship who operates a boat cleaning and repair business. The Company is owned, operated and/or managed by Defendants Robert Glenn Falke ("G. Falke"), Belinda Falke ("B. Falke") and Jeff Falke ("J. Falke") (collectively, the "Falke Defendants"). Reference to the "Defendants" is to the Company and the Falke Defendants, collectively.

2. Unfortunately, the Defendants' hourly employees, including Plaintiffs Lusvin Miranda ("Miranda") and Jose Armando Rivera ("Rivera") (collectively, the "Plaintiffs"), are paid the same hourly rate of pay regardless of the number of hours that they worked. Accordingly, the Plaintiffs bring this collective action to recover unpaid overtime wages, liquidated damages, and

attorneys' fees owed to them and other similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. § 216(b)(2017) ("FLSA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2017) and 28 U.S.C. § 1331 and § 1367 (2017).

4. The Plaintiffs bring this Complaint in the district in which the Plaintiffs reside, the Defendants do business, and where a substantial portion of the conduct charged herein occurred. As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2017).

## THE PARTIES

5. Miranda, a resident of Baytown, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint. In performing his duties for the Company, Miranda engaged in commerce or in the production of goods for commerce. Miranda's Notice of Consent is attached.

6. Rivera, a resident of Pasedena, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint. In performing his duties for the Company, Rivera engaged in commerce or in the production of goods for commerce. Rivera's Notice of Consent is attached.

7. The "Members of the Class" are current and former hourly employees employed by the Defendants as laborers cleaning and/or repairing boats. Like the Plaintiffs, these persons are engaged in commerce or in the production of goods for commerce in performing their duties for the Defendants.

8. The Company, a sole proprietorship with its principal place of business located in Sourlake, Hardin County, Texas, is an enterprise engaged in commerce. The Company has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs. The Company may be served with process by serving its owner, Robert Glenn Falke, at 16198 GW Jones Road, Sourlake, Texas 77659.

9. G. Falke has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs. G. Falke may be served with process at 16198 GW Jones Road, Sourlake, Texas 77659.

10. B. Falke has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs. B. Falke may be served with process at 16198 GW Jones Road, Sourlake, Texas 77659.

11. J. Falke has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs. J. Falke may be served with process at 16198 GW Jones Road, Sourlake, Texas 77659.

## BACKGROUND

12. The Plaintiffs, who began their employment with the Defendants in 2008 and 2011, respectively, as laborers cleaning and repairing boats for the Defendants, were paid an hourly rate. The Plaintiffs, who routinely worked more than forty (40) hours per workweek, were not paid one and one-half times their regular hourly rate for hours worked over forty (40) hours per workweek. Rather, the Plaintiffs were paid the same hourly rate for all hours worked.

13. The Falke Defendants have a substantial financial interest in the Company and are directly involved in:

   a. the hiring and firing of the Company's employees;

   b. the day-to-day operations of the Company as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by Company employees;

   c. the Company's finances; and

   d. corporate decisions.

## THE PLAINTIFFS' ALLEGATIONS

14. Miranda, who began his employment with the Defendants in 2008, and Rivera, who began his employment with the Defendants in 2011, both worked as laborers cleaning and repairing boats at an hourly rate. The Plaintiffs regularly worked more than forty (40) hours per week but were paid the same hourly rate of pay for all hours worked. The Plaintiffs routinely worked from 5:30 a.m. until 3:00 p.m. Monday through Saturday each week. The Plaintiffs also often times worked on Sunday as well. Miranda left the Defendants'

employ in May of 2016 and Miranda left the Defendants' employment shortly thereafter in July of 2016.

15. As non-exempt employees, the Plaintiffs were entitled to be paid one and one-half (1½) times their regular rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2017).

16. No exemption excuses the Defendants from paying the Plaintiffs for all hours worked over forty (40). Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiffs and other hourly Company employees.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

17. The Members of the Class have also been subjected to the same pay practices and policies by the Defendants which are in willful violation of the FLSA. The Members of the Class, like the Plaintiffs, are non-exempt, hourly employees working as laborers cleaning and/or repairing boats for the Company during the three (3) year period preceding the filing of this lawsuit. Accordingly, the Members of the Class are similarly situated to the Plaintiffs in terms of their job duties and pay.

18. The Defendants' failure to pay overtime compensation to their non-exempt, hourly employees employed as laborers cleaning

and/or repairing boats for all overtime hours worked amounts to and arises from a generally applicable policy or practice which does not depend on the personal circumstances of the Members of the Class. Specifically, the Plaintiffs and other Members of the Class were all paid the same hourly rate of pay regardless of the number of hours that they worked each workweek.

19. Accordingly, a conditional class of similarly situated employees should be certified to include:

> All current and former hourly laborers employed by the Company cleaning and/or repairing boats during the three (3) year period preceding the filing of this complaint.

## CAUSE OF ACTION

### A. Violations of the FLSA - Overtime

20. The Plaintiffs and the Members of the Class incorporate all allegations contained in paragraphs 1 through 19.

21. The Defendants' practice of failing to pay the Plaintiffs and the Members of the Class at one and-one-half (1½) times their appropriate regular rate for all overtime hours worked was and is in violation of the FLSA.

22. Accordingly, the Plaintiffs and the Members of the Class are entitled to overtime pay in an amount which is one and one-half (1½) times their appropriate regular rates.

23. Additionally, the Plaintiffs and the Members of the Class are entitled to an amount equal to all their unpaid overtime wages as liquidated damages.

24. Additionally, the Plaintiffs and the Members of the Class are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2017).

## PRAYER

WHEREFORE, the Plaintiffs and the Members of the Class request that this Court award them judgment against Defendants Robert Glenn Falke dba American Blasting Technology, Robert Glenn Falke, Individually, Belinda Falke, Individually, and Jeff Falke, Individually, jointly and severally, for:

a. damages for the full amount of their unpaid overtime compensation;

b. an amount equal to their unpaid overtime compensation as liquidated damages;

c. reasonable attorneys' fees, costs and expenses of this action;

d. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e. such other and further relief as may be allowed by law.

Respectfully submitted,

/s/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com